967 F.2d 589
 143 L.R.R.M. (BNA) 3000
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
UNIVERSAL HEALTH SYSTEMS, dba Auburn General Hospital;
Central Washington Hospital; Riverton Hospital; Ballard
Community Hospital; Highline Community Hospital; Virginia
Mason; St. Joseph Hospital, Respondents.
 No. 91-70483.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1992.
Decided July 2, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The NLRB petitions for enforcement of its order finding that respondent hospitals violated § 8(a)(1) & (5) of the NLRA, 29 U.S.C. § 158(a)(1) & (5), by refusing to bargain with Local 6 of the Service Employees International Union. We grant enforcement of the order.
 
 
 3
 * We will enforce an order of the NLRB if substantial evidence supports its findings of fact and if it has correctly applied the law. NLRB v. IBEW, Local 77, 895 F.2d 1570, 1573 (9th Cir.1990). Substantial evidence means "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir.1987).
 
 
 4
 * The NLRB's finding of substantial continuity between the Licensed Practical Nurses Association of Washington State ("LPNAWS") and Local 6 is supported by substantial evidence. The evidence shows that each LPN bargaining unit retained autonomy in accepting or rejecting contracts, handling grievances, and calling strikes. Each unit continued to select its own unit chair to serve as liaison between the unit and Local 6. Moreover, the same person who had carried out most of LPNAWS's collective-bargaining and grievance-handling responsibilities before the affiliation continued to function in essentially the same role with Local 6 after the affiliation.
 
 
 5
 Although only one LPNAWS officer became a Local 6 officer, LPNAWS elected six members of Local 6's eight-member LPN division board, three of whom serve on Local 6's 18-member executive board and one of whom serves on Local 6's board of trustees. Thus, in spite of the fact that Local 6 is larger than LPNAWS, it does not appear that the affiliation greatly diminished the former LPNAWS members' influence in union affairs.
 
 
 6
 The fact that LPNAWS continues to exist as a professional organization without collective bargaining responsibilities after affiliation is not relevant to the substantial continuity question. Section 8(a)(5) is concerned solely with the right of employees to choose their representatives for the purposes of collective bargaining. It does not limit in any respect the right of employees to affiliate for other purposes and the fact that employees may choose to do so has no bearing on whether there was substantial continuity for the purposes of § 8(a)(5).
 
 B
 
 7
 The NLRB's finding of due process in the affiliation vote is likewise supported by substantial evidence. LPNAWS members were kept informed at every step of the affiliation process. There is no evidence that significant opposition developed at any point. The relatively low turnout at the formal ratification vote is not inconsistent with widespread approval of the affiliation with Local 6.
 
 II
 
 8
 The hospitals also contend that LPN-only bargaining units are inappropriate under 29 C.F.R. § 103.30(a)(4).[1] However, this regulation applies when there is a petition for recognition of a bargaining unit pursuant to § 9(c)(1)(A)(i) or § 9(c)(1)(B) of the NLRA. It expressly does not apply when "there are existing nonconforming units." 29 C.F.R. § 103.30(a). This case did not arise from a petition for recognition but from a complaint under § 8(a)(1) & (5) charging unfair labor practices. Moreover, LPNAWS was composed of existing LPN-only bargaining units. Thus, 29 C.F.R. § 103.30 cannot be raised by the hospitals as a defense in this unfair labor practice proceeding. The NLRB's decision to limit the scope of its regulation to petitions for recognition is consonant with the purposes of the act. As we have said before, it would be "destructive of stable bargaining relationships to permit an employer, after voluntarily agreeing to bargain with a particular unit, to repudiate an agreement on the ground that the unit was not appropriate." E.G. & H. Inc. v. NLRB, 949 F.2d 276, 279 (9th Cir.1991).
 
 III
 
 9
 The hospitals also contend that the NLRB exceeded its remedial authority by ordering the hospitals to reimburse Local 6 for dues that it failed to check off and remit. The NLRB has "broad discretion to devise remedies that effectuate the policies of the Act, subject only to limited judicial review." Sure-Tan Inc. v. NLRB, 467 U.S. 883, 898-99 (1984). A remedial order "will not be disturbed unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." Southwest Forest Industries, Inc. v. NLRB, 841 F.2d 270, 273 (9th Cir.1988) (internal citations omitted). The hospitals were contractually obligated to check off and remit dues and the NLRB did not abuse its discretion in ordering the hospitals to reimburse Local 6 for their failure to fulfill those obligations. The duration of the requirement to pay dues and the amounts owing are not before us because they have yet to be finally resolved by the Board.
 
 
 10
 Enforcement is GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The regulation provides in relevant part:
 Except in extraordinary circumstances and in circumstances in which there are existing nonconforming units, the following shall be appropriate units, and the only appropriate units, for petitions filed pursuant to section 9(c)(1)(A)(i) or 9(c)(1)(B) of the National Labor Relations Act, as amended, except that, if sought by labor organizations, various combinations of units may also be appropriate:
 ....
 (4) All technical employees.